

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00481-CR

Juan **ORTIZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 18-08-137-CRW
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: November 27, 2019

REINSTATED AND DISMISSED FOR WANT OF JURISDICTION

Appellant seeks to appeal from the trial court's judgment imposed on February 25, 2019. Because appellant did not file a motion for new trial, the notice of appeal was due on March 27, 2019. TEX. R. APP. P. 26.2(a). Appellant filed an untimely notice of appeal on July 15, 2019. *Id.* A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.

Crim. App. 1996). Because appellant's notice of appeal was filed more than fifteen days after the last day for filing a notice of appeal and appellant did not file a motion for extension, we lack jurisdiction over this appeal. *Id.*

Upon appellant's motion, unopposed by the State, this appeal was abated for ninety days to permit appellant to seek permission to pursue an out-of-time appeal from the Court of Criminal Appeals. On October 30, 2019, we issued an order requesting appellant to file a response stating the status of his request for an out-of-time appeal and explaining why this appeal should not be dismissed for lack of jurisdiction without prejudice to re-filing a new notice of appeal in the event an out-of-time appeal is granted. *See* TEX. R. APP. P. 43.2(f). Appellant filed a response stating that the Court of Criminal Appeals dismissed his habeas corpus petition seeking an out-of-time appeal as "premature" on October 23, 2019. In his response, appellant requests that this appeal be dismissed without prejudice and that the mandate be issued simultaneously.

It is therefore ORDERED that this appeal is REINSTATED on the docket of this court and DISMISSED without prejudice for want of jurisdiction. TEX. R. APP. P. 43.2(f); *see Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We construe appellant's request for expedited issuance of the mandate as a motion pursuant to TEX. R. APP. P. 18.1(c) requesting immediate issuance of the mandate based on good cause. The motion does not contain a certificate of conference; however, no response opposing the motion has been filed by the State of Texas. Accordingly, having found good cause to issue the mandate

immediately, we GRANT appellant's motion. The clerk of the court is instructed to issue the mandate immediately. Tex. R. App. P. 18.1(c).

PER CURIAM

DO NOT PUBLISH